IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANH LE
    Petitioner,

v.

JANET RENO,
ATTORNEY GENERAL
    Respondent.

1:CV 00-2142

CIVIL ACTION No_____

FILED
SCRANTON
DEC 12 2000

_____
DEPUTY CLERK

**PETITION FOR WRIT OF HABEAS CORPUS**
**PURSUANT TO TITLE 28, U.S.C. § 2241**
**AND COMPLAINT FOR INJUNCTIVE RELIEF.**

    The petition for a writ of habeas corpus and complaint for declaratory and injunctive relief of Anh LE, petitioner, allege that his continued detention by the Immigration and Naturalization Service violates his right to due process and the rights guaranteed petitioner by the first Ten Amendments to the United States Constitution, and all other rights not hereinbefore enumerated, and that his detention manifested a a failure of justice.

    Petitioner Anh LE has no other adequate legal remedy available to contest his continued detention by the INS, unless a declaratory and injunctive relief and said writ of habeas corpus shall issue, an injustice and cause of prejudice would be inherent to petitioner.

FACTUAL BACKGROUND:

Petitioner Anh LE, filed a joint petition for writ of habeas corpus, Civil Action 1:CV-00-0070, however, by order of this court dated September 27, 2000, petitioner's case was mooted because the joint petitioner was filed in contest of the mandatory detention provision of 8 U.S.C. § 1226(c), INA § 236(c). Petitioner now file this petitioner asserting that his detention is unconstitutional because the INS have refused to release him based on "grudging and perfunctory" review process that does not comport with the review process enunciated in Chi Thon Ngo v. INS, 192 F.3d 390 (3d. Cir. 1999).

ARGUMENT

Petitioner contend that his subtantive due process right is being violated by the Immigration and Naturalization Service, by refusing to release him from continued detention. Petitioner assert that the INS disregarded the Third Circuit Court of Appeals holding in Ngo, supra, by performing a "grudging and perfunctory" review of petitioner's custody determination, thus, his continued detention when the INS cannot effectuate his removal violates his right to due process.

It is indisputable that the United States Constitution provides due process and equal proctection guarantees to aliens as well as citizens. DeSousa v. Reno, 190 F.3d 175, 184 (3d Cir. 1999), citing, Yick Wo v. Hopkins, 118 U.S. 356 (1886).

As to due process it is undisputable that aliens have both substantive and procedural rights. Ngo v. INS, 192 F.3d 390, 396 (3d Cir. 1999); citing, Landon v. Plasencia, 459 U.S. 21, 32-33 (1982).

Accordingly, all due process violations must begin with a "careful description of the asserted right". Reno v. Flores, 507 U.S. 292, 302, 113 S.Ct. 1439, 123 L.Ed.2d. (1993). Petitioner contend that he has a liberty interest, in being free from detention if the INS cannot effectuate his removal.

The Interim Procedure pursuant to the provision of 8 C.F.R. § 241.4 No.6 clearly states that "the fact that an alien has a criminal history does not create a presumption in favor of continued detention". This reasoning is also supported by the Third Circuit Court of Appeals holding in Ngo, supra, and United States District Court, Middle District of Pennsylvania decision in Sombat Map Kay v. Reno, No. Civ. A 1:CV-99-02551 (M.D.Pa. April 18, 2000), and Ma v. Reno, 56 F.Supp.2d 1165 (W.D.Wash. Feb 14, 2000).

Clearly in the case at bar the INS review decisions based on presumptions that petitioner pose a threat to safety sweeps too broadly. The INS have used the same reasons to deny petitioner release three times, in light of the admonition in Ngo, 192 F.3d at 398, and Bouayad, 74 F.Supp.2d at 477, that "grudging and perfunctory review is not enough to satisfy the due process right to liberty, even for aliens".

/3

It is apparent that it is not the intention of the INS to release petitioner from continued detention, inasmuch as they continue to use the same reasons to deny petitioner release from custody. Petitioner cannot erase his past history, therefore, so long as the INS rely on his past history to determine his custody review petitioner will remain in detention indefinitely.

The INS have used superficial and arbitrary process to review petitioner based on the interviewer's preference or convenience rather that the intrinsic nature of the Interim Procedures. The INS only conducted the review simply to satisfy the court's order and summarily concluded that petitioner poses threat.

In Phan v. Reno, 56 F.Supp.2d 1149 (W.D.Wash. 1999), the court requested that detainees receive a hearing before an immigration judge with a right to appeal to the Board of Immigration Appeals. The Phan court noted its dissatisfaction with the earlier INS review procedures. The same analysis apply to the case at bar the INS used cursory procedures to review petitioner and then concluded that petitioner pose a threat to safety, without any subjective backing. Accordingly, such a review process "heightened, substantive due process scrutiny". Phan, 56 F.Supp.2d at 1155.

The absence of any individualized assessment or consideration of the pertinent factors set forth in regulations violates petitioner's procedural due process rights. At a minimum petitioner is entitled to a fair hearing before an immigration judge at which he can present evidence to support his release as set forth at 8 C.F.R. § 241.4.

Pursuant to the Interim Regulations previously enunciated, "a decision to detain will clearly delineate the factors presented by the alien in support of his release, and the reasons for the district director's decision". The regulation is clear and easy to understand, however, to the contrary, the INS failed to delineate, in its decisions to continue detaining petitioner, or even state the factors that petitioner presented in support of his release on parole. The exclusion of those factors should be considered to be a deliberate act of suppression evidence, and thus, unjustifiable.

There is substantial support in case law that the duration of detention can affect whether detention is excessive in relation to the government's legitimate purpose. An example comes from Salerno, 481 U.S. 748. Although Salerno, dealt with the Bail Reform Act, the Supreme Court stated that "[w]e intimate no view as to the point at which detention in a particular case might become excessively prolonged, and therefore punitive, in relation to Congress' regulatory goal". Salerno, 481 U.S. at 748 n.4.

Similarly, the Third Circuit intimated that, even in pretrial detention, length of duration matters in some cases evaluated against the background of duration of pretrial incarceration and the causes of that duration, may no longer justify detention. United States v. Accetturo, 783 F.2d 382, 388 (3d Cir. 1986)(Emphasis added).

/5

Under such principles the court in <u>Nguyen v. Fasano</u>, 84 F.Supp.2d (S.D.Cal.2000), held that "after some length of time in custody, where deportation is not reasonably foreseeable, a petitioner's liberty surpasses the INS's diminished interest in ensuring deportation, and detention becomes punitive in relation to the INS's regulatory goals". Id. at 1113; accord <u>Hermanowski v. Farquharson</u>, 39 F.Supp.2d 148, 159 (D.R.I. 1999)(considering inter alia, the length of detention to which the petitioner has already been subjected and the potential length of the detention into the future, in deciding whether detention of deportable alien is excessive); <u>Sengchanh v. Lanier</u>, 89 F.Supp.2d 1356 (N.D.Ga. 2000) (same).

In the case at bar Petitioner's liberty interest is considered heightened because the INS cannot effectuate his removal, thus, his continued detention is a restraint which violates due process which the Supreme Court has repeatedly ranked high among the interests of the individual. <u>Hamaya</u>, 797 F.Supp at 191 (quoting <u>Plasencia</u>, 459 U.S. at 34, 103 S.Ct. 321); see also <u>John</u>, 917 F.Supp at 250 (an alien's liberty interest even in what may be a limited period of parole prior to exclusion is among the highest order of individual rights.)

CONCLUSION

WHEREFORE, for the reasons stated herein petitioner Anh LE, respectfully request this honorable court to issue an appropriate order commanding the INS to review petitioner in accordance with the Third Circuit Court of Appeals holding in <u>Ngo</u>, supra, and release petitioner, or bring him before an immigration

judge for an individualized evaluation to demonstrate that he is not a threat to the community or a flight risk, and to release him from custody on bond upon reasonable conditions. And for any and all other relief in the premise.

Dated December 05, 2000

Respectfully submitted,

_____
Anh LE
Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870