ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANH LE,                              :

      Petitioner             :    No. 1:CV-00-2142

                      :

         i.                 :    (Judge Caldwell)

                      :

JANET RENO, U.S. Attorney            :

General,                             :

      Respondent             :

FILED
HARRISBURG
FEB 21 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

## RESPONSE TO SHOW CAUSE ORDER

On December 12, 2000, Petitioner Anh Le, a native and citizen of Vietnam, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On February 1, 2001, the Court directed Respondent[1] to respond to the allegations in the petition within twenty days.  This response is submitted in accordance with the Court's Order.

Mr. Le's habeas petition does not challenge his order of removal.  Rather, the petition challenges his detention pending removal as a violation of his constitutional rights.

On January 21, 2000, an immigration judge ordered Mr. Le's removal from the United States to Vietnam. (Ex. 1.)  Although Mr. Le initially appealed the immigration judge's decision to the

---

[1]Mr. Le named Janet Reno, former Attorney General, as the Petitioner in this case.  On February 1, John Ashcroft was sworn in as Attorney General of the United States.  Thus, pursuant to Federal Rule of Civil Procedure 25(d)(1) Attorney General Ashcroft should be substituted as the proper Respondent in the case.

Board of Immigration Appeals, he later withdrew that appeal and his appeal was dismissed on May 31, 2000.  (Ex. 2.)

The INS has requested travel documents for Mr. Le.  However, to date its efforts to remove him to Vietnam have been unsuccessful.  (Ex. 3.)  The INS reviewed Mr. Le's custody status in October of 2000 and determined that it was appropriate to continue to detain him.  (Ex. 4.)  His next custody review is scheduled for February 28, 2001.  (Ex. 5.)

The Third Circuit recently addressed the constitutionality of an alien's detention pending removal in the context of an excludable alien, and joined six other circuits[2] in holding that criminal aliens may be detained by the INS for lengthy periods when removal is beyond the control of the INS and when appropriate provisions for parole are available.  See Ngo v. INS, 192 F.3d 390 (3rd Cir. 1999).

In Ngo, *supra*, the Third Circuit held that the detention of aliens for prolonged periods when the countries of origin refuse

_____

[2]   See Zadvydas v. Underdown, 185 F.3d 279, 294-95 (5th Cir. 1999); Parra v. Perryman, 172 F.3d 954, 958 (7th Cir. 1999); Guzman v. Tippy, 130 F.3d 64 (2nd Cir. 1997); Gisbert v. U.S. Attorney General, 988 F.2d 1437, 1447 (5th Cir. 1993); Alvarez-Mendez v. Stock, 941 F.2d 956 (9th Cir. 1991); Garcia-Mir v. Meese, 788 F.2d 1446 (11th Cir.); Palma v. Verdeyen, 676 F.2d 100, 103-104 (4th Cir. 1982).  See also Barrera-Echavarria v. Rison, 44 F.3d 1441, 1450 (9th Cir.)(en banc), cert. denied, 116 S.Ct. 479 (1995)("An excludable alien ... has no due process rights regarding his admission or exclusion ...."). See also In re Mariel Cubans, 822 F.Supp. 192, 195-96 (M.D.Pa. 1993)(continued detention pending deportation does not violate aliens' due process rights).

to allow their return is constitutionally and statutorily permissible if the INS provides individualized periodic review of eligibility for release on parole.  Id., at 392, 394-98.  The Circuit went on to analyze the detailed Interim Procedures governing the periodic review applicable to aliens in INS custody.  These procedures, which are set forth in their entirety as an appendix to the Ngo decision, require review during the first 90 days after entry of a final removal order and every six months thereafter.  The procedures require thirty days written notice to the detainee under review, and require that the notice specify the factors to be considered in determining whether the detainee should be released.  Under the procedures, the detainee is entitled to present any relevant information, in writing, electronically, by mail, or in person.  Further, the detainee is entitled to be represented by an attorney or other person.  See Ngo v. INS, Appendix, 192 F.3rd at 400-401.

After carefully reviewing the Interim Procedures, the Third Circuit held:

> We have reviewed these rules carefully and conclude that conscientiously applied, they provide reasonable assurance of fair consideration of a petitioner's application for parole pending removal.
>
> * * * *
>
> Among other things, the rules require an individualized analysis of the alien's eligibility for parole, present danger to society and willingness to comply with the removal order.  Moreover, they do not result in placing

3

additional cases on the already overloaded dockets of
immigration judges.

\* \* \* \*

Our reading of the Interim Rules suggests that they
will encourage good faith review. So long as
petitioner will receive searching periodic reviews, the
prospect of indefinite detention without hope for
parole will be eliminated. In these circumstances, due
process will be satisfied.

Id., at 398-399.

On December 30, 1999, the Third Circuit amended the Ngo

decision, making it clear that the decision was intended to apply

only to *excludable* aliens, and that the Court did not intend to

express an opinion with regard to *deportable* aliens. However,

nothing in the rationale of the Ngo decision suggests that the

Third Circuit will find the Interim Procedures constitutionally

inadequate when the Court is faced with a case involving a

deportable alien. On the contrary, although the Ngo case

involved an excludable alien, the Court suggested that its

rationale would apply to criminal aliens under final order of

exclusion, deportation, or removal, stating:

> To summarize, case law holds there is no
> constitutional impediment to the indefinite detention
> of an alien with a criminal record under a final order
> of exclusion, deportation, or removal if (1) there is a
> possibility of his eventual departure; (2) there are
> adequate and reasonable provisions for the grant of
> parole; and (3) detention is necessary to prevent a
> risk of flight or a threat to the community.

192 F.3d at 397.

4

Respondent would emphasize that the Interim Procedures found adequate in cases of excludable aliens in <u>Ngo</u> do constitute process.  The question left open after <u>Ngo</u> is whether this process is also adequate in cases of deportable aliens. Respondent would suggest that the process set forth in the Interim Procedures constitutes that process which is due to deportable aliens as well as to excludable aliens.

While <u>Ngo</u>, as amended, is not controlling in the case of a deportable alien such as Mr. Le, its rationale applies forcefully.  Indeed, in <u>Martinez v. INS</u>, 97 F. Supp.2d 647 (M.D. Pa. 2000), this Court held that the process found constitutionally adequate by the Third Circuit in <u>Ngo</u> is also constitutionally sufficient in the context of a deportable alien such as Mr. Le.

Given Mr. Le's previous consideration for release, and given the narrow and explicit grounds permitting continued detention (danger to the community or risk of flight), Mr. Le has received due process in accordance with the Third Circuit's reasoning in <u>Ngo</u> and this Court's decision in <u>Martinez</u>.[3]  Respondent therefore

---

[3] Up to this point, Mr. Le's custody status has been reviewed in accordance with the Interim Review Procedures addressed by the Third Circuit in <u>Ngo</u> and this Court in <u>Martinez</u>.  However, on December 21, 2000, new INS regulations went into effect which supersede the interim review procedures. <u>See</u> 65 FR 80281-01, 2000 WL 1860526,(December 21, 2000).  These new regulations are modeled after the review procedures available to Mariel Cubans, which are found at 8 C.F.R. § 212.12, and which a panel of this Court found constitutionally adequate as applied to excludable Mariel Cubans.

urges the Court to find that Mr. Le has received that process

which he is due, and to deny his petition for writ of habeas

corpus.

                              Respectfully submitted,
                              DAVID M. BARASCH
                              United States Attorney


                              DULCE DONOVAN
                              Assistant United States Attorney
                              228 Walnut Street, Suite 220
                              P.O. Box 11754
                              Harrisburg, PA    17108-1754
                              (717) 221-4482


Date: February 21, 2001

_____

See In re Mariel Cubans, 822 F. Supp. 192 (M.D. Pa. 1993)
(Caldwell, J., Kosik, J., McClure, J.).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANH LE,                              :
          Petitioner                 :    No. 1:CV-00-2142
                                     :
             i.                      :    (Judge Caldwell)
                                     :
JANET RENO, U.S. Attorney            :
General,                             :
          Respondent                 :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 21st day of February, 2001, she served a copy of the attached

### RESPONSE TO SHOW CAUSE ORDER

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):

Anh Le
A27-748-801
Snyder County Prison
600 Old Colony Road
Selingsgrove, PA 17870-86810

_____
DAWN MAYKO
LEGAL SECRETARY

7