ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANH LE,                              :
          Petitioner                 :    No. 1:CV-00-2142
                                     :
               i.                    :    (Judge Caldwell)
                                     :
JANET RENO, U.S. Attorney            :
General,                             :
          Respondent                 :

FILED
HARRISBURG
FEB 21 2001
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

EXHIBITS TO RESPONSE TO SHOW CAUSE ORDER

DAVID M. BARASCH
UNITED STATES ATTORNEY

DULCE DONOVAN
Assistant U.S. Attorney
P.O. Box 11754
Harrisburg, PA 17108
(717) 221-4482
Attorneys for Respondent

**INDEX**

Exhibit Number

Order of the Immigration Judge. . . . . . . . . . . . . . . . . 1

Decision of the Board of Immigration Appeals. . . . . . . . . . 2

Letters requesting Travel Documents for Le . . . . . . . . . . . 3

Decision to Continue Detention Following File Review. . . . . . 4

Notice to Alien of Interview for Review of Custody Status. . . . 5

EXHIBIT - 1

**U.S. DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Office of the Immigration Judge

In the Matter of:

_Le, Ahn Trung_

M. D. KATZ, Esq.

**RESPONDENT**

Case No.: A _27-748 801_

Docket: _York, Pa_

IN DEPORTATION PROCEEDINGS

_Removal_

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the ~~oral~~ decision entered on ___1-21-00___ .
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

[x] The respondent was ordered deported to _Vietnam_ .

[ ] Respondent's application for voluntary departure was denied and respondent was ordered deported to _____ or in the alternative to_____ .

[ ] Respondent's application for voluntary departure was granted until _____, with an alternate order of deportation to _____ or _____ .

[ ] Respondent's application for asylum was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for withholding of deportation was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for suspension of deportation was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for waiver under Section _____ of the Immigration and Nationality Act was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Respondent's application for _____ was ( )granted ( )denied ( )withdrawn ( )other.

[ ] Proceedings were terminated.

[ ] The application for adjustment of status under Section (216)(216A)(245)(249) was ( )granted ( )denied ( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's status was rescinded under Section 246.

[x] Other _CAT claim DENIED._

[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

_Appeal Reserved = 2-22-00_

Immigration Judge

Date: _1-21-00_

Form EOIR - 37
MAR. 93

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**YORK, PENNSYLVANIA 17402**

**IN THE MATTER OF**                                **IN REMOVAL PROCEEDINGS**
LE, Ahn Trung

                                                                        **CASE# A 27 748 801**

**GROUNDS OF REMOVAL**: 212(a)(7)(A)(i)

**ON BEHALF OF RESPONDENT**                    **ON BEHALF OF INS**
Martin B. Katz, Esq.                                    Theodore Murphy
130 S. Easton Road,                                     Assistant District Counsel
Glenside, PA 19038

**APPLICATION**: U.N. Convention Against Torture

**WRITTEN  DECISION AND ORDER**

The respondent is a 30-year-old married male (common law) alien, native and citizen of Vietnam, who emigrated to the United States in January 1986 as a refugee (Amerasian child), at the age of 16. The respondent adjusted status to lawful permanent resident within two years of his admission as a refugee. The respondent has never met his father, and his mother has submitted an affidavit, of record, detailing her son's birth in Vietnam and whose father was a serviceman during the war. On November 4, 1998, the respondent was served a Notice to Appear, Form I-862, charging him as an aggravated felon under section 237(a)(2)(A)(iii), and also as an alien convicted of a weapons offense, pursuant to section 237(a)(2)(C) of the INA. On March 31, 1999, the Service served upon the respondent an additional charging document, Form I-261, setting forth allegations 6 through 9, which was adjudicated by a prior immigration judge, who found the respondent to have been convicted of an aggravated felony. When the respondent appeared before this court, the two grounds of removal as set forth in the original NTA were dismissed, but which did not disturb the prior finding of aggravated felony against this respondent. Because the respondent's sentence for the conviction set forth in allegation 9 is in excess of 5 years, the respondent is precluded from eligibility for withholding of removal under section 241(b)(3) of the Act, as well as for asylum under section 208 of the Act. The respondent then elected to proceed under Article 3 of the U.N. Convention Against Torture and other

1

Cruel, Inhuman, Degrading Treatment or Punishment.

To this end the respondent testified that he came to the United States at the age of 16. Prior to that time, he lived in Vietnam with a nanny paid by his mother and attended school until the 10th grade, but in a private school for his own protection; the respondent testified that public schools in Vietnam did not accept the children of American soldiers. Growing up he was routinely harassed by other children due to his American blood, and had stones thrown at him. On one occasion he observed another Amerasian child hit by a stone and dragged away by the police under the ruse of being caught stealing.

According to the respondent, Amerasian children had to avoid the police, who also harassed them and who would arrest them on trumped up charges. One day while returning home from school, he was threatened by two adults, who chased him home, discovering that the two men were policemen. The respondent also related that he occasionally stayed with his mother, but not often since she was known in the town to have fathered a child of a U.S. soldier; thus, it was safer for him to reside with a nanny to minimize harm to him. In this regard, the respondent testified that his mother had been forced into servitude in a "re-education camp" by the government because of her support for the U.S. military. In any event, at age 16 the respondent was able to emigrate to the United States under the Amerasian program, along with his mother. He fears that he has no life in Vietnam, is not considered a true Vietnamese and thus would forever be ostracized by that society, and cannot seek assistance from the Vietnamese government, who did not support him when he lived there as a child, and who would not support him as an adult. The respondent also fears being jailed upon his return and being subjected to torture therein.

Counsel for the respondent maintains that while there is not a lot of evidence to show an absolute certainty that the respondent would be subjected to torture upon his return to Vietnam, counsel argues that that is not the burden which must be met. Counsel has submitted excerpts from the book entitled "Vietnamerica: The War Comes Home," by Thomas A. Bass (Soho Press, Inc. 1966).[1] Counsel argues that, as the respondent suffered abuses and ostracism in the past as the child of a U.S. soldier, so, too, would he suffer the same fate upon his return. The humiliation, discrimination, and ill-treatment meted out by his government, counsel posits, qualifies as "torture" under Article 3 of the Torture Convention.

Under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, the United States has agreed not to "expel, return or extradite" a person to another state where he or she would be tortured:

1. No State party shall expel, return (refouler)

---

[1] The court sincerely appreciates counsel's generous contribution of this book to the court's library, a copy of which was also generously provided to the Service's litigation department here in York.

or extradite a person to another State where
there are substantial grounds for believing that he or she would be in danger of
being subjected to torture.

2. For the purposes of determining whether there are such grounds, the competent
authorities shall take into account all relevant considerations including, where
applicable, the existence in the State concerned of a consistent pattern of gross,
flagrant, or mass violations of human rights.

While there are similarities between Article 3 of the Torture Convention and Article 33 of the 1951
Convention Relating to the Status of Refugees, which the United States has implemented through
application of withholding of removal pursuant to section 241(b)(3) of the Immigration and Nationality
Act, there are also important differences between the two.

First, there are no exceptions carved out under the Torture Convention to exclude persons who
may or must be exempted under Article 33, such as persecutors, those convicted of particularly serious
non-political crimes, or terrorists.  Second, section 241(b)(3) applies only to those aliens who would
face persecution on account of the five grounds set forth at section 101(a)(42)(A) of the INA.  Article
3 of the Torture Convention covers all persons who fear torture based on any consideration or basis.
Third, torture is not synonymous with "persecution," although there may be an over-lapping of violence
which may encompass both actions.  Thus, a claim under Article 3 of the Torture Convention is broader
in certain aspects, narrower in others, in relation to Article 33 of the 1951 U.N. Convention.

Aliens under removal proceedings under section 240, or under deportation or exclusion
proceedings, may make a claim under Article 3, along with any other application, before an immigration
court.  The Attorney General of the United States has promulgated regulations which the courts must
apply when adjudicating claims under the Torture Convention.  These regulations are presently set forth
at 8 C.F.R. §208.16 et seq., entitled <u>Withholding of removal under section 241(b)(3)(B) of the Act and
withholding of removal under the Convention Against Torture</u>.  For all practical purposes, an alien
making an application for asylum, also considered a tandem application for withholding of removal,
should automatically be considered as making an application for relief under the Torture Convention.
The regulations provide for the adjudication of such claims, and the framework for such adjudication.
The burden of proof is on the alien to establish that "it is more likely than not that he or she would be
tortured if removed to the proposed country of removal.  The testimony of the applicant, if credible, may
be sufficient to sustain the burden of proof without corroboration."  8 C.F.R. § 208.16(c)(2).

In assessing whether it is "more likely than not" that an applicant would be tortured in the
proposed country of removal, all evidence relevant to the possibility of future torture shall be
considered, including, but not limited to:

(i) Evidence of past torture inflicted upon the applicant:
(ii) Evidence that the applicant could relocate to a part of the country
of removal where he is not likely to be tortured;
(iii) Evidence of gross, flagrant or mass violations of human rights within

3

the country of removal, where applicable; and:

(Iv) Other relevant information regarding conditions in the country of removal.

8 C.F.R. § 208.16(c)(3).

If an alien expresses a fear of persecution in returning to his or her country of nativity, but if asylum must be pretermitted due to an aggravated felony conviction, or the other bars set forth under section 208(b)(2) of the Act, the judge must first hear testimony on the merits of the claim of persecution and/or torture before determining whether the aggravated felony conviction is a "particularly serious crime." 8 C.F.R. 208.16 (c)(4). If the judge determines that the alien has satisfied his or her burden of proof of establishing more likely than not that torture will occur in the country of removal, the judge must grant the alien withholding of removal under section 241(b)(3) of the Act under the auspices of Article 3 of the Torture Convention, unless the alien is barred from such relief in accordance with section 241(b)(3)(B) of the Act, in which case the judge must pretermit withholding of removal. At that point the regulations require the judge to <u>defer</u> the alien's removal in accordance with 8 C.F.R. § 208.17(a). In the case at bar, the court has considered this case for deferral of removal only, given this court's earlier finding that he is barred from consideration for asylum or withholding of removal.

Further, the regulations provide a definition of "torture" at 8 C.F.R. § 208.18(a), which essentially tracks the definition of the term as set forth under Article 1 of the Torture Convention. It must be stressed that the definition of "torture" is not all encompassing, and it is not to be construed as a definitive list or types of acts which would constitute torture. Rather, the regulations set forth the general parameters under which the judge adjudicates the claim, expressing certain basic elements that must be present before a finding can be made that an act will constitute torture.

"Torture" is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or a third person information or a confession, punishing him for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. 8 C.F.R. § 208.18(a)(1).

Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman, or degrading treatment or punishment that do not amount to torture. 8 C.F.R. § 208.18(a)(2). Torture does not include pain or suffering arising only from, inherent in, or incidental to lawful sanctions. 8 C.F.R. 208.18(a)(3). Lawful sanctions include judicially imposed sanctions and other law enforcement actions authorized by law, including the death penalty, but do not include sanctions that defeat the object and purpose of the Convention Against Torture to prohibit torture.

Furthermore, in order to constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering: an act that results in unanticipated or unintended severity of pain or suffering is not torture. 8 C.F.R. § 208.18(a)(5). Finally, in order to constitute torture, an act must

4

be directed against a person in the offender's custody or physical control. 8 C.F.R. § 208.18(a)(6). Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his legal responsibility to intervene to prevent such activity. 8 C.F.R. § 208.18(a)(7). Noncompliance with applicable legal procedural standards does not per se constitute torture. 8 C.F.R. § 208.18(a)(8).

First, the court has found the respondent to have testified credibly. Such testimony certainly conforms with past known country conditions in Vietnam in relation to Amerasian children. Had the respondent been asylum eligible, the court would have little difficulty in finding evidence of past persecution on account of his race as an "Amerasian." However, the respondent, due to his criminal record, is ineligible for both asylum and withholding of removal. That leaves any eligibility restricted to deferral of removal pursuant to Article 3 of the Torture Convention, which, as described, has its own burden of proof separate from asylum.

Of paramount importance to any claim of past or present persecution or torture are current country conditions in the country of removal. To this end this record is sparse. Other than the few pages of the above-cited book proffered by respondent's counsel, we have the Department of States' Country Reports and Profiles. There it is confirmed that human rights are of low priority to the government, with human rights abuses continuing unabated. At page 5 of the Country Profiles, the State Department reports that the treatment of Amerasians have not proven more tolerant over time. The court interprets that passage to mean that overt discrimination or disparate treatment of Amerasians continues to this day.

However, while the respondent may have qualified for asylum, given such evidence, he cannot qualify for deferral of removal under the Torture Convention. To this end the respondent must establish that, upon his return or at some point thereafter, his torture by or at the acquiescence of a government official is "more likely than not." 8 C.F.R. § 208.16(c)(2). Moreover, he would have to establish that, at the time of such torture, he would be under the custody or physical control of his government. 8 C.F.R. § 208.18(a)(6). The Country Reports, at page 4, indicate that there were no confirmed reports of torture from 1995 through 1997, although the report does confirm that detainees are beaten while in custody.

Even if the Department of State is not using the term "torture" as that term would be defined under Article 3, there is no evidence in this record at this time to show that this respondent would likely be detained and tortured upon his return. He certainly faces a bleak future upon his return to Vietnam, a country which does not want him, and which suffers his presence, as an Amerasian, reluctantly. Much, if not most, of such intolerance is culture-based, and while certainly offending the American notion of human rights, such acknowledgment is irrelevant to this adjudication. Further, the court has not overlooked the fact that Vietnam may not permit the removal of the respondent to that country, which may result in the respondent's long-term detention. A review of the respondent's criminal record does not reveal that the respondent poses any significant danger to his community, but that decision, by law, is left to the district director to make.

Based on the foregoing, the following orders will be entered.

ORDER: The respondent's claim under Article 3 of the U.N. Convention Against Torture is denied.

5

FURTHER ORDER: The respondent is hereby ordered removed from the United States to Vietnam pursuant to the grounds set forth in his Notice to Appear and Form I-261.

W.A. Durling
U.S. Immigration Judge

January 21, 2000

EXHIBIT - 2

 

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

MARTIN KATZ
130 S. EASTON RD., STE 106,
GLENSIDE, PA 19038-0000

INS LIT./York Co. Prison/YOR
3400 Concord Road
York, PA 17402

Name: *S-LE, AHN TRUNG (05/1999)          A27-748-801

<u>Date</u> of this notice: 05/31/2000

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Paul W. Schmidt
Chairman

Enclosure

Panel Members:
       HOLMES, DAVID B.

 

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A27 748 801 - York

Date:

MAY 31 2000

In re:   ANH TRUNG LE

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Martin Katz, Esquire

ORDER:

   PER CURIAM.    This Board has been advised that the instant appeal has been withdrawn by the respondent.  8 C.F.R. § 3.4.  Since there is nothing now pending before the Board,

   IT IS ORDERED that the record be returned to the Immigration Court without further action.

FOR THE BOARD

# EXHIBIT - 3



**U.S. Department of Justice**
Immigration and Naturalization Service

A27 748 801

PO Box 209
White Deer, PA 17887

September 8, 2000

Bob Shannon
US INS HQOPS
425 I Street NW
Washington, DC 20536

RE: Ahn LE
    A27 748 801

Sir,

Please accept this letter as a request for further assistance in obtaining a travel document for the above-mentioned subject, who has been ordered removed from the United States.

Mr. LE is a citizen and native of Vietnam. He entered the United States on January 22, 1986 at Los Angeles, CA as a refugee. He has been convicted of Unlawful Possession of Ammunition by a Prohibited Person. He was afforded a deportation hearing in order to answer to the charges contained on the attached Notice to Appear and on January 21, 2000 he was ordered deported from the United States. He appealed that decision to the BIA, but on May 31, 2000, that appeal was withdrawn. Mr. LE has been in INS custody since May 21, 1999.

Should you require any additional information on this matter please contact Deportation Officer, David O'Neill at (570) 547-6903 Ext. 18.

Sincerely,

Robert M. Culley
IHP Director

Attachments:
I-217
Photographs
Copy of charging document
Copy of order
Copy of BIA dismissal
Copy of warrant of removal
Copy of Laissez-Passer





**U.S. Department of Justice**

Immigration and Naturalization Service
Philadelphia District

*1600 Callowhill Street*
*Philadelphia, PA 19130*

U.S. INS Headquarters                                July 6, 2000
Detention and Deportation
Attention Patrick O' Reilly
425 "I" Street N. W.
Washington, DC 20536


RE: Le, Ahn Trung A27 748 801

Dear Mr. O' Reilly,

Please accept this letter with the enclosed documents as a formal request for a travel
document on behalf of Mr. Le, who is a native and citizen of Vietnam. Mr. Le entered the
United States at Los Angeles, CA on January 22, 1986.

He was afforded a hearing before an Immigration Judge to answer the charges on the
attached Notice to Appear. As a result of this hearing, he was ordered deported from the
United States upon receipt of a travel document. Since he is being detained at service
expense, a prompt response would be most appreciated.

Should you need any further information to assist you in obtaining a travel document,
Please contact Officer Rice at (717)840-7584.


Sincerely,

Theodore R. Nordmark
Assistant District Director
Detention and Deportation


Encl.: (1) Notice to Appear
       (2) Order of the Immigration Judge
       (3) I217
       (4) Passport sized photos
       (5) Warrant of Deportation

# EXHIBIT - 4



**U.S. Department of Justice**
Immigration and Naturalization Service

_____

P.O. Box 209
White Deer, PA 17887

Ahn LE                                    A#27 748 801
C/O Snyder County Jail
600 Old Colony Road
Selinsgrove, PA 17870

## Decision to Continue Detention
## Following File Review


    This letter is to inform you that your custody status has been reviewed by the Immigration and Naturalization Service (INS) and that you will not be released from custody at this time.

    This decision was based on a review of your file record and consideration of information you submitted to INS' reviewing officials.

    You are not being released because you have not demonstrated by clear and convincing evidence that you would not present a threat to society if you were released. In fact your record reflects criminal convictions for Criminal Damage to property (8/17/89); Theft (8/17/89); Felon in Possession of a Firearm, Possession with Intent to Distribute a Controlled Substance, and Failure to Possess an Alien Registration Card (12/29/97). While you have been in INS custody you were found guilty of Refusing to Obey and Order and Disrespect to an Employee (6/29/99). Therefore , it is not clearly evident that you would not pose a threat to society if you were released.

    The INS will conduct another review of your custody status within six months of the date of this notice.  It is in your best interest to maintain proper behavior while awaiting this review.  If you have any questions please contact, <u>Deportation Section</u> at:

P.O. Box 209, White Deer, PA 17887
_____
(Address)

_____          10/13/00
Signature of District Director/Designated Representative          Date
                Charles W. Zemski
(Page 1 of 2)    Acting District Director
          Philadelphia

# POST ORDER CUSTODY REVIEW WORKSHEET FOR FILE REVIEW AND/OR INTERVIEW

**Detainee Name**  Ahn LE        **Date of Birth:** 11/23/72        **"A" Number:** ~~71-451-857~~
                                                                    27748 801

**AKAs:** none                    **BOP Number:** 08440-031

**Country of Birth:**  Vietnam    **Citizenship:**  Vietnam

**Date of Arrival:** January 22, 1986   **Place of Arrival:**   Los Angeles, CA

**Manner of Arrival:**  Refugee   **Last Date into INS Custody:** May 21, 1999

**Entered INS Custody from:**    ☐  Local, ☐ State, or ☒ Federal
                                 ☐  Other

**Location:**    LSCI Allenwood   **Institution Number:** 08440-031

**Immigration History:**  (Prior INS arrest[s]/parole/bond/custody information)

   Describe:     Subject entered on 01/22/86 as a refugee. On June 7, 1989 his status was adjusted to that of an LPR retroactive to 01/22/86. He was ordered deported and his CAT claim was denied on 1/21/00. His appeal of that decision to the BIA was withdrawn on May 31, 2000.

**Deportation Officer:** David O'Neill      **Date of Review:** August 31, 2000

**Location Detained:**  Snyder County Jail

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**    ☒    Section 237 (a)(2)(A)(iii), and 237(a)(2)(C).
                         ☐    Section 212 (a)   ,     ,
                         ☐    Section 241     ,       ,

☒    Under <u>Final Order</u> dated May 31, 2000 by ☐ IJ  ☒ BIA  ☐ Other

☐    Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History:**

**Vietnam is not issuing Travel Documents. Request has been forwarded to HQ for possible group presentation.**

## Legal Representative / Attorney

**G-28 Filed:**  ☒ Yes    ☐ No

**\*Legal Rep/Atty Notified of Interview:**    ☒ Yes    ☐ N/A    by:         on:

**Name of Representative / Attorney:**    Martin Katz

**Mailing Address:**    130 South Easton Road        **Telephone Number:** (215) 576-6003
Greenside, PA 19038

**Present during interview:**        ☐ Yes        ☐ No

## Criminal History

**Outside the United States:** none
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:** Certified copies of convictions for the following in file:

Unlawful possession of ammunition.

**NCIC Checks:**        ☒ Criminal History    ☐ No record Found
                    (State and Federal)

Summary of record:

FBI#: 193926KA7

| Date: | Location | Crime | Disposition |
|---|---|---|---|
| 01/13/89 | Wichita, KA | Burglary of Auto (4 cts) Theft (4 cts) | 8/17/89 Convicted Criminal Damage to Property 2-10 years |
| 2/15/89 | Wichita, KA | Theft | 8/17/89 Convicted 5 years probation |
| 12/5/96 | Wichita, KA | Felon in Possess firearm PWID controlled substance Fail to possess ARC | 12/29/97 Convicted Unlawful possess of ammunition 18 months |

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**        ☐ Yes        ☒ No

If Yes, List & Describe:
Source:        SENTRY

**Disciplinary reports and Incidents while in INS Custody?**    ☒Yes    ☐No

   If Yes, List & Describe:  On 6/29/99 subject was found guilty of "Refusing to obey an order" and "Disrespect to an employee." He was sanctioned to 15 days RHU.

Source: Snyder County Prison Report.

## Specifics of Interview

**Date of File Review:**   August 31, 2000

**Date of Detainee Interview:** n/a

**Location of Interview:**  n/a

**Interviewing Officer:** #1:

     #2:

**Interpreter Used:** ☐ Yes  ☐ No  Name:
**Language/Dialect:**

---

**Does the detainee have a place to live in the United States?** ☐ Yes ☐ No

  Address:  Unknown -- subject does have family in Kansas.

**Is the detainee subject to any parole or probation requirements?** ☒ Yes ☐ No

  Describe:  3 Years supervised release – U.S. Probation

**Does the detainee have close family ties within the United States?** ☒ Yes ☐No

  Describe:  Mother, Siblings and Children in Kansas.

**Does the detainee have any community ties or non-governmental sponsors?**
      ☐ Yes  ☒ No
  Describe:

**Does the detainee have any employment prospects?** ☒ Yes  ☐ No

  Describe:  Tramco, INC, Wichita, KA

**What is the detainee's employment history?**

  Describe:  Previously worked for the above company.

**What is the detainee's educational level?**

Describe: unknown

**Does the detainee have any vocational training?**

Describe: unknown.

---

## Medical/Psychological Concerns

**Medical/Psychological Report / Summary:** ☐ In File  ☒ None  ☐ Not Available

**Date and Source:**

---

**Other documentary evidence for consideration in this review:**

Subject submitted a package, which includes a letter of facts from Snyder County Jail, two certificates for courses completed and a job letter.

---

## Discussion at Interview

**Notes: Subject was not interviewed at this time. File review only.**

**Regarding life in his home country**

**Regarding entry information**

**Regarding his family ties**

**Regarding employment and education**

**Regarding his criminal history in the US,**

**Regarding his institutional record**

**Regarding community support and sponsors**

**Regarding him being a threat to the community or flight risk**

The INS detainee was found ☐ **CREDIBLE**    ☐ **NOT CREDIBLE**
**Explain:**

Subject was not interviewed at this time.

## Officer Comments/Analysis & Recommendation

Subject has 3 arrests and convictions while he has been in the U.S. Although, 2 of the incidents are for relatively minor offenses, the third is for possession of weapons and subject has shown a pattern of recidivist activity. Subject also has a disciplinary incident while he has been in INS custody for refusing and order and disrespect to an employee. At this time, I believe that subject would pose a threat to society if he were released. Subject has not submitted sufficient evidence to show that he would not pose a threat.

Subject appears to have family in the United States and at this time his removal does not appear likely. Therefore, I do not consider him to be a flight risk.

**Recommendation:  I recommend continued detention as subject may pose a threat to society if he were released.**

David O'Neill, Deportation Officer                8/31/00    (Detain )(Release)
Interviewing Officer #1:                          Date:

                                                             (Detain )(Release)
Interviewing Officer #2:                          Date:
(optional)
John Lawton, SDDO                                 9/12/00    Concur (Do Not Concur)
Reviewed by:                                      Date:

## DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

      Bond Amount: _____

☒    CONTINUE IN CUSTODY / SCHEDULE FOR REVIEW IN SIX MONTHS

Comments (attach additional sheet(s) if necessary):

INS District Office: _____Phila PA_____

Signature of District Director: _____    Date: 9/24/0
or Designee

_J Sallemi   DADD/IMP_
(Printed Name & Title)

## HEADQUARTER'S REVIEW OF CONTINUED DETENTION

| Reviewing Officers | Concur | Reconsider | Date |
|---|---|---|---|
| _____<br>(Name, Title, Signature) | _____ | _____ | _____ |
| _____<br>(Name, Title, Signature) | _____ | _____ | _____ |
| _____<br>(Name, Title, Signature) | _____ | _____ | _____ |

For comments, please refer to the "Headquarters Post Order Custody Review" form.

**EXHIBIT - 5**



**U.S. Department of Justice**
Immigration and Naturalization Service

A27 748 801

P.O. Box 209
*White Deer, PA 17887*

Ahn LE
C/O Snyder County Jail
600 Old Colony Road
Selinsgrove, PA 17870

A#27 748 801

## _Notice to Alien of Interview for Review of Custody Status_

It is the policy of the Immigration and Naturalization Service (INS) to periodically review the custody status of detained aliens who have final orders of removal, deportation or exclusion. You are required to cooperate with the INS in effecting your removal from the United States.

Release from INS custody is dependent on your demonstrating by "clear and convincing evidence" that you **will not** pose a danger to the community and **will not** be a significant flight risk.

You will be interviewed for this purpose and you are scheduled to appear for this interview on **February 28, 2001 at 9:00am, at Snyder County Jail** to discuss whether or not you will be recommended for release.

In determining whether you should be released at this time, the INS District Director may consider, but is not limited to considering the following:

1. The nature and seriousness of your criminal convictions;
2. Other criminal history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States; and
9. Prior immigration violations and history.
10. Cooperation in obtaining your travel document.

You are required to complete the information on the following page.

(Page 1 of 2)



**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANH LE,                          :
      Petitioner       :    No. 1:CV-00-2142
                   :
          i.             :    (Judge Caldwell)
                   :
JANET RENO, U.S. Attorney        :
General,                         :
      Respondent       :

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 21st day of February, 2001, she served a copy of the attached

**EXHIBITS TO RESPONSE TO SHOW CAUSE ORDER**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):

Anh Le
A27-748-801
Snyder County Prison
600 Old Colony Road
Selingsgrove, PA 17870-86810

DAWN MAYKO
LEGAL SECRETARY

7